UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA VASINDA,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:20-224 |
| v. | : | (JUDGE MANNION) |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,** *et al.*, | : : | |
| Defendants | : | |

## MEMORANDUM

Pending before the court is the September 22, 2022, report of Judge Carlson, (Doc. 50), which recommends that the motion for summary judgment filed by State Farm, (Doc. 31), be granted with respect to Vasinda's age and gender-based discrimination claims and denied with respect to Vasinda's breach of contract claim, and that the motion for partial summary judgment filed by Vasinda on her breach of contract claim, (Doc. 29), be denied.

On October 6, 2022, Vasinda filed objections to Judge Carlson's report with respect to the recommendation that the court grant State Farm summary judgment on Vasinda's age and gender-based discrimination claims and deny Vasinda summary judgment on her breach of contract

1

claim. (Doc. 51). On October 28, 2022, State Farm filed a brief responding to Vasinda's objections to the report and objecting to Judge Carlson's recommendation that the court deny State Farm's motion for summary judgment with respect to Vasinda's breach of contract claim.[1] (Doc. 54).

The court has reviewed Judge Carlson's report and the parties' objections thereto, and it will **ADOPT** the report in its entirety. The court will **GRANT**, in part, and **DENY**, in part, the parties' cross motions for summary judgment as follows:

State Farm's motion for summary judgment on Counts II through V of Vasinda's complaint—the age and gender-based discrimination claims—is **GRANTED**. The cross motions for summary judgment on Count I of the complaint—the breach of contract claim—are **DENIED**.

---

[1] State Farm's objection it inserted into its "Reply to Plaintiff's Objections" to Judge Carlson's report is untimely under Local Rule 72.3, which requires any objection to a magistrate judge's report be filed fourteen (14) days after being served with a copy thereof. On October 17, 2022, the parties stipulated to an extension for State Farm "to submit their response to Plaintiff's Objections." The stipulation did not contemplate an extension for State Farm to file its own objection (something only the court could grant) only an extension for State Farm to respond to Vasinda's objections. However, the untimeliness has no real practical effect because, as explained below, the court reviews *de novo* the portion of the report addressing Vasinda's breach of contract claim since Vasinda objected to that portion as well.

**I.      STANDARD OF REVIEW[2]**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part,

---

[2] Since Judge Carlson states the appropriate standards for summary judgment motions and for Vasinda's discrimination and contract claims, the court will not repeat them herein. (*See* Doc. 50).

3

the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31. "[A] Report and Recommendation does not have force of law unless and until the district court enters an order accepting or [not accepting] it." *Garceran v. Morris County Prosecutors Office*, No. 14–2135 (CCC-MF), 2015 WL 858106, at *1 (D.N.J. Feb. 27, 2015) (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II. DISCUSSION[3]

### A. Title VII, ADEA and PHRA Claims

Judge Carlson's report first addressed Vasinda's claims for age and gender-based discrimination under Title VII of the Civil Rights Act (Title VII), the Age Discrimination in Employment Act (ADEA), and the Pennsylvania Human Relations Act (PHRA)—Counts II-V of her five-count complaint. At the outset, Judge Carlson explained that the Title VII and ADEA claims fail because those statutes protect "employees" from age or gender-based discrimination by their employers; as an independent contractor, Vasinda's

---

[3] Since the full factual background and undisputed material facts of this case are stated in Judge Carlson's report, the briefs of the parties, and the statements of facts regarding the dispositive motions, they will not be fully repeated herein.

4

claims are thus outside the scope of these statutes. Judge Carlson found that Vasinda was an independent contractor, not an employee, after applying the so-called *Darden* test—the test used to identify whether a person is an employee entitled to protections of federal laws such as Title VII and the ADEA. *See Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322–23 (1992); *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 213 (3d Cir. 2015) (applying *Darden* test to Title VII); *Pavlik v. Int'l Excess Agency, Inc.*, 417 F. App'x 163, 166 (3d Cir. 2011) (applying *Darden* test to ADEA).

Judge Carlson explained that when courts consider the application of the *Darden* test to factual contexts such as this case, where Title VII and ADEA claims are made by an insurance agent against an insurance company, they "most assuredly do not write upon a blank slate." (Doc. 50 at 19). Indeed, Judge Carlson cited numerous federal court decisions across the country that demonstrate "a broad consensus has emerged in the courts favoring the view that insurance agents are independent contractors, rather than employees, and therefore may not avail themselves of Title VII or the ADEA." (*See* Doc. 50 at 20, collecting cases).

Vasinda objects to this portion of the report, arguing that Judge Carlson "failed to apply the *Darden* test to the facts of this case." (Doc. 51).

5

But in the following paragraphs of the report, Judge Carlson does just that. Judge Carlson explained:

> At the outset, the plain language of the contract between State Farm and Vasinda clearly and repeatedly identified the plaintiff as an independent contractor of the defendant. While this is compelling proof of the nature of this relationship, we need not rely solely upon this contractual formalism. Vasinda's tax returns also reflect her independent contractor status since they show no wages paid by State Farm, but rather reflect earned business income consistent with the status of an independent contractor. Further, within her insurance agency, Vasinda was responsible for hiring and firing staff, assigning work, and directing the day-to-day operations of the business. All of these factors are badges of independent contractor status, and confirm what Vasinda's contract tells us—she was not a State Farm employee but rather was an independent contractor.

The fact that Judge Carlson did not write out a separate analysis for each *Darden* factor is immaterial. "'When a legal standard requires the balancing of multiple factors, as it does in this case, summary judgment may still be appropriate even if not all of the factors favor one party,' so long as the evidence 'so favors' the movant that 'no reasonable juror' could render a verdict against it." *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015) (quoting *In re Enterprise Rent–A–Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 471 (3d Cir. 2012)). The court agrees with the sound reasoning of Judge Carlson in finding that the *Darden* factors he lists in his report—in addition to the plain language of Vasinda's contract and tax returns—reveal that the evidence regarding Vasinda's employment

status with State Farm "so favors" the finding that Vasinda was an independent contractor "that no reasonable juror could render a [contrary] verdict."[4] Judge Carlson's application of *Darden* to this case is buttressed by the fact that, as noted in the report, virtually every circuit court across the country that has addressed the issue has found that insurance agents like Vasinda are independent contractors who may not avail themselves of the protections of Title VII or the ADEA.

Next, Judge Carlson found that Vasinda's discrimination claims under the PHRA fail for similar reasons. The report explained that, as a general rule "'[c]laims under the PHRA are interpreted coextensively with Title VII claims,'" *Brown*, 581 F.3d at 180 n. 1 (quoting *Atkinson v. LaFayette College*, 460 F.3d 447, 454 n. 6 (3d Cir. 2006)), and thus Vasinda can claim employee status "under the PHRA only if she is one under Title VII," *id*. Judge Carlson then explained that Vasinda could not save her state law claim by taking refuge under the PHRA's provisions which apply to some independent contractors. Judge Carlson noted:

---

[4] According to the Third Circuit, the plain language of the agreement between State Farm and Vasinda, which clearly and repeatedly identified Vasinda as an independent contractor of State Farm, "while not dispositive of the plaintiff's employment status, is strong evidence that she was an independent contractor." *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181 (3d Cir. 2009) (citations omitted).

7

>These statutory provisions only apply to independent contractors "subject to the provisions governing any of the professions and occupations regulated by State licensing laws enforced by the Bureau of Professional and Occupational Affairs in the Department of State, or is included in the Fair Housing Act." 43 Pa. Stat. Ann. § 954 (x).

Therefore, since Vasinda is an insurance agent regulated by the Pennsylvania Department of Insurance, her claim "simply did not fall within the PHRA's purview as defined by the statute." (Doc. 50 at 22).

Vasinda objects to this finding, arguing based on statutory construction principles that she falls within the purview of the PHRA's independent contractor provisions. In finding Vasinda was not an independent contractor defined under the PHRA, Judge Carlson cited to *Brown*, in which the Third Circuit counseled that "the PHRA *only* applies to 'independent contractors who are in professions or occupations regulated by the [Pennsylvania] Bureau of Professional and Occupational Affairs or those who are included in the Fair Housing Act.'" *Brown*, 581 F.3d at 180 n. 1 (quoting *Velocity Express v. Pa. Human Relations Comm'n*, 853 A.2d 1182, 1186 (Pa.Commw.Ct. 2004) (emphasis added)). Accordingly, the court will not disrupt the reasoning of the Third Circuit or Judge Carlson's application thereof and will thus overrule Vasinda's objection.

Next, Judge Carlson found that even if Vasinda could claim the protection of Title VII, the ADEA, or the PHRA, State Farm is still entitled to

8

summary judgment of those claims on their merits. Judge Carlson laid out the legal standards applicable to Vasinda's claims, including the well-known *McDonnel Douglas* burden-shifting framework. (*See* Doc. 50 at 23–26). Under that framework, Judge Carlson noted up front that "Vasinda's *prima facie* claims of gender and age discrimination rest upon thin reeds consisting of little more than the assertion that the plaintiff was replaced by a younger male insurance agent." Then Judge Carlson found that, even if he was to accept Vasinda's evidence as establishing a *prima facie* case, "State Farm has provided ample evidence of a legitimate business reason for terminating its working relationship with Vasinda; namely, the troubling 2014 and 2016 audits results."[5] Shifting the burden back to Vasinda, Judge Carlson found that Vasinda "has not shown that [State Farm's] justification was pretextual by demonstrating such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in State Farm's proffered legitimate

---

[5] Judge Carlson's report neatly outlines the undisputed facts of the 2014 and 2016 audits of Vasinda's business by State Farm, so they will not be repeated herein. (*See* Doc. 50 at 5–8). In sum, it is undisputed that both audits contained numerous adverse findings by State Farm regarding, *inter alia*, Vasinda's mismanagement of her Premium Fund Account, inexplicable and significant cash shortages, and Vasinda's unauthorized/unlicensed employees taking improper actions as agents and sharing computer passwords.

9

reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."

Vasinda objected to this piece of the report as well, arguing that she has demonstrated a reasonable factfinder would find State Farm's proffered reason for terminating Vasinda weak and contradictory. In her objections, Vasinda largely rehashes the arguments she presented in her briefs regarding State Farm's summary judgment motions, but based on the court's review of the report and underlying evidence the court agrees with and will not disrupt the sound reasoning of Judge Carlson in recommending summary judgment. The evidence marshaled by Vasinda is simply not sufficient to preclude summary judgment of her discrimination claims. Thus, the report will be adopted regarding its recommendation that State Farm's motion for summary judgment be granted with respect to Vasinda's Title VII, ADEA, and PHRA claims since the court agrees with Judge Carlson that "Vasinda was an independent contractor whose activities do not fall within the reach of the state and federal age and gender discrimination statutes[,] and State Farm has amply demonstrated a non-pretextual reason for terminating this agreement given the adverse audits findings." (Doc. 50).

And thus, the court will overrule Vasinda's objections to the report's recommendation that State Farm's motion for summary judgment be

granted as to Vasinda's Title VII, ADEA, and PHRA claims, and the court will grant State Farm's motion as to those claims.

### B. Breach of Contract Claim

After recommending summary judgment of Vasinda's discrimination claims, Judge Carlson addressed the cross motions for summary judgment as to Vasinda's claim for breach of contract. Vasinda claims her agreement with State Farm—titled the State Farm Agent's Agreement—permitted her to request a review of any proposed termination in accordance with State Farm's termination review procedures. Under those procedures, once an agent requests a termination review, "*appropriate notice* will be given to the Agent setting out the time and location of the meeting." (Doc. 50 at 7) (emphasis added).

Judge Carlson recounted the full factual background on this issue in his report, which will not be fully repeated herein. In short, State Farm notified Vasinda of its intention to terminate its agreement with her, and Vasinda requested a termination review meeting. Vasinda requested this meeting from her private email address because she was told she no longer had access to her State Farm work email. State Farm emailed a notice of the time and location of Vasinda's termination review meeting to her State Farm work address. Vasinda denies ever receiving the notice; State Farm

contends, based on a computer forensics review by its IT department, that someone opened the email, and the one person aside from Vasinda that State Farm speculated might have accessed the email has denied doing so.

Vasinda moved for partial summary judgment as to liability on the breach of contract claim, arguing that Sate Farm failed to give her appropriate notice of the meeting as a matter of law. State Farm moved for summary judgment of the entire breach of contract claim, arguing (1) it gave appropriate notice to Vasinda of the termination review meeting as a matter of law and (2) Vasinda cannot show any damages, as a matter of law, flowing from this alleged failure to give her proper notice of the meeting.

On these facts, Judge Carlson found that the dispute over whether State Farm gave "appropriate notice" under the parties' agreement is "shrouded in disputed issues of fact," which must be left for the factfinder. Judge Carlson thus recommended denying both cross motions for summary judgment. Specifically, Judge Carlson began by outlining the applicable breach of contract standards under Illinois law, which controls this dispute based on the parties' agreement. Judge Carlson noted that, under Illinois law, courts will consider whether parties fully complied with contractual notice provisions when determining whether an actionable breach of contract occurred. Judge Carlson correctly noted that what constitutes

12

"appropriate" notice—the language at issue in this dispute—is a "very fact-specific and fact driven" issue not typically amendable to summary judgment resolution. This case is no exception.

Vasinda and State Farm object to Judge Carlson's report and recommendation on this issue. Both parties essentially argue that there is no dispute over the material facts regarding State Farm's notice of the termination review meeting, and thus summary judgment is appropriate here. While there are many undisputed facts surrounding the notice issue, Judge Carlson found, and the court agrees, that there are still some key facts that a factfinder needs to decide, e.g., whether Vasinda actually received notice of the termination review meeting. More to the point, both parties overread the small number of disputed facts as mandating summary judgment in their favor. The parties neglect the fact that a factfinder in this case need not only decide what steps were taken or not taken by State Farm regarding notice of the termination review meeting, but the factfinder must also determine whether those actions constitute "appropriate notice" under Vasinda's agreement with State Farm. This is a factual question, indeed the ultimate factual question in this contract dispute, which the court cannot decide on summary judgment. Summary judgment is improper where contractual language is ambiguous (i.e., susceptible of at least two

reasonable interpretations) and the parties' intent is at issue. *See American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009). In such cases, contract interpretation depends on the credibility of extrinsic evidence, which is a task for the jury. *Id.* at 587–88.

Vasinda claims the fact that State Farm sent the notice to an email she was told she no longer had access to, and the fact that she denies having received the email notice, shows she did not receive "appropriate notice" as a matter of law. State Farm claims the fact that the notice was sent to an active email account when the sender had no reason to believe the account was inactive shows Vasinda did receive "appropriate notice" of the termination review meeting. A factfinder could reasonably adopt either of these two interpretations of "appropriate notice" under the agreement between Vasinda and State Farm. Accordingly, Judge Carlson properly found that summary judgment is inappropriate.

Lastly, Judge Carlson addressed State Farm's argument that even if there was a failure to provide notice to Vasinda regarding the termination review meeting, it is still entitled to summary judgment because Vasinda, as a matter of law, cannot prove any damages flowing from the alleged breach of contract. Judge Carlson rejected this argument and recommended denial of summary judgment on this ground because (1) while challenging, proof

14

of contractual damages in this setting is not legally impossible; and (2) it is unclear as a matter of law whether the termination review meeting would have been wholly futile had Vasinda received notice and been in attendance because State Farm's own internal policies "underscore that the company approaches termination review meeting with an open mind and a willingness to reassess initial termination decisions."

State Farm objects, arguing that Vasinda has presented nothing but speculation that she incurred damages in this case. However, the court will overrule this objection because it agrees with the sound reasoning of Judge Carlson that the evidence does not show, as a matter of law, that Vasinda's "termination review process is a completely futile nullity." This is a genuine issue of material fact that is not appropriate for summary judgment. Therefore, the court will overrule the parties' objections and deny the cross motions for summary judgment of Vasinda's breach of contract claim.

### III.   CONCLUSION

The court has reviewed the report of Judge Carlson recommending the court grant State Farm's motion for summary judgment of Vasinda's discrimination claims and deny the parties' cross motions for summary judgment of Vasinda's breach of contract claim. Because the court agrees

with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error in the record, the court will **ADOPT** the report in its entirety. The court will **GRANT** State Farm's summary judgment motion with respect to Vasinda's Title VII, ADEA, and PHRA claims. The court will **DENY** State Farm's and Vasinda's cross motions for summary judgment as to Vasinda's breach of contract claim. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 14, 2022**
20-224-01